IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES RIFFIN,<br>    *Appellant*,<br><br>v.<br><br>BALTIMORE COUNTY, MARYLAND,<br>and<br>MARYLAND DEPARTMENT OF THE<br>ENVIRONMENT,<br>    *Appellees*.<br><br>*In re* JAMES RIFFIN,<br>    *Debtor*. | Civil Action No. ELH-12-897<br><br>(*Bankruptcy Case No. 10-11248 & Adversary Proceeding No. 11-729 in the United States Bankruptcy Court for the District of Maryland*) |

**MEMORANDUM**

This Memorandum resolves the "Motion[s] to Vacate May 22, 2012 Order" filed by appellees Baltimore County (ECF 6) and the Maryland Department of the Environment ("MDE") (ECF 9) (collectively, "Motions"). James Riffin, the self-represented appellant, has filed a Response (ECF 10) to the Motions, and appellees have filed a joint Reply (ECF 11). No hearing is necessary. *See* Local Rule 105.6. For the reasons that follow, I will grant the Motions, vacate the Court's Order of May 22, 2012 (ECF 5), and dismiss the appeal due to appellant's failure to file a timely brief pursuant to Rule 8009(a) of the Federal Rules of Bankruptcy Procedure.

**Background**

This is an appeal from an Order of the Bankruptcy Court, which granted appellees' motions to dismiss an adversary proceeding (No. 11-729) that Mr. Riffin initiated in his underlying Chapter 7 bankruptcy proceeding (No. 10-11248). Mr. Riffin initiated the adversary proceeding in order to determine whether his discharge in bankruptcy applied to certain

obligations imposed on him by orders of the Circuit Court for Baltimore County, Maryland in a long-running environmental civil enforcement proceeding, styled *Maryland Department of the Environment, et al. v. James Riffin*, No. 03-C-04-008920.  That case was initiated in August 2004 and is still ongoing.  Mr. Riffin initiated his bankruptcy proceeding in January 2010, and lodged the adversary proceeding in September 2011.  The Order dismissing the adversary proceeding was entered on February 9, 2012 (ECF 1-15 in this case; ECF 31 in the adversary proceeding).[1]  On February 22, 2012, Mr. Riffin filed a timely notice of appeal to the United States District Court from the Order dismissing the adversary proceeding (ECF 1 in this case; ECF 33 in the adversary proceeding).  *See* Fed. R. Bankr. P. 8002(a) ("The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from.").[2]

Under Rule 8006 of the Federal Rules of Bankruptcy Procedure, once a notice of appeal is filed, the appellant must, within fourteen days after filing the notice of appeal, file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented."  The appellee is then afforded time to designate additional materials for the appellate record.  *Id.*  Moreover, if any party designates a transcript of a hearing for inclusion in the record, that party must "deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost."  *Id.*  A court reporter is afforded at least 30 days to prepare a transcript, and that time can be extended upon request.  *See* Fed. R.

---

[1] In light of my ruling, I need not detail the substance of the Order dismissing the adversary proceeding.

[2] In this circuit, appeals from the Bankruptcy Court are heard by the District Court.  In some circuits, however, such appeals are heard by a specially designated bankruptcy appellate panel.  The Federal Rules of Bankruptcy Procedure allow for either circumstance.

Bankr. P. 8007(a).  Until the record is complete, the appeal is not transmitted to the District Court.  Therefore, because the time required to prepare the appellate record may vary, it is not possible to predict the precise date on which an appeal will be docketed in the District Court at the time the notice of appeal is filed.

In any event, once "the record is complete for purposes of appeal," the Clerk of the Bankruptcy Court must transmit the record to the clerk of the District Court, who must then enter the appeal in [sic] the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed."  Fed. R. Bankr. P. 8007(b).  Rule 8009(a) requires that, unless the District Court directs otherwise, the appellant must "serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007."

Mr. Riffin's appeal was docketed in this Court on March 23, 2012.  *See* ECF 1.  On the same date, the Clerk issued a letter, which stated, in part: "The above-captioned bankruptcy appeal was docketed on March 23, 2012.  Briefs must be filed and served in accordance with Bankruptcy Rules 8009 and 8010.[3]  Appellant's brief is due within fourteen (14) days from the date the appeal was docketed."  ECF 2.  The docket contains a notation indicating that a copy of the letter was mailed to Mr. Riffin, who could not receive service via the Court's electronic filing system.  Mr. Riffin's address of record was at that time, and has been at all subsequent times, 1941 Greenspring Drive, Timonium, Maryland 21093.

Appellant did not file a timely appellate brief.  Indeed, nothing further was filed in this case until May 7, 2012, more than thirty days after appellant's brief was due, when this Court issued an Order (the "Show Cause Order") (ECF 3) directing appellant to show cause within

---

[3] Fed. R. Bankr. P. 8010 governs the formatting of briefs.

fourteen days why the appeal should not be dismissed for failure to file a timely brief. On May 21, 2012, the fourteenth day after the Show Cause Order was entered, Mr. Riffin filed a five-page "Answer May 7, 2012 Show Cause Order" (ECF 4), in which he claimed that he "never received notice that the appeal was docketed in the District Court on March 23, 2012." He also advanced several other excuses for his failure to file a timely brief, including computer troubles; car troubles; the deaths of two of his dogs; and time spent working to "restore" his property, which he contended was required by the Baltimore County Circuit Court orders at issue in the adversary proceeding.

In response to Mr. Riffin's filing, the Court issued an Order (ECF 5) on May 22, 2012, directing him to file an appellate brief no later than June 1, 2012, provided that any appellee could move within three days to vacate the Order as improvidently granted. On May 24, 2012, Baltimore County filed its "Motion to Vacate May 22, 2012 Order" (ECF 6), and later the same day the MDE filed its motion (ECF 9), adopting Baltimore County's motion. The Court issued an Order (ECF 7) suspending briefing of the appeal and directing the parties to brief the Motions.

Additional facts will be included in the Discussion.

## Discussion

The question at issue is whether this appeal should be dismissed due to Mr. Riffin's failure to file a timely appellate brief, pursuant to Rule 8009(a). The touchstone case in the Fourth Circuit with regard to dismissal of a bankruptcy appeal due to the appellant's noncompliance with Rule 8009(a) is *In re Weiss*, 111 F.3d 1159 (4th Cir. 1997).

As *Weiss* teaches, the threshold question in such a case is whether the appellant in fact failed to file a timely brief. Because the "notice that the court clerk sends to the appellant

triggers the time period" for the appellant to file a brief, *id.* at 1172, the time period would not run if the appellant did not receive notice of the docketing of the appeal. However, Mr. Riffin's claim that he did not receive the Clerk's notice is unavailing. A similar claim was made by the appellant in *Weiss* and was rejected. In analysis that is fully applicable here, the *Weiss* Court said, *id.* at 1172-73:

> [Appellant] claims that she never received the clerk's letter. However, we have clearly held that "'[a] letter properly addressed, stamped and mailed is presumed to have been duly delivered to the addressee.'" *Federal Deposit Ins. Corp. v. Schaffer*, 731 F.2d 1134, 1137 n.6 (4th Cir. 1984) (quoting C. McCormick, *McCormick's Handbook of the Law of Evidence* § 343 (1972)). [Appellant's] response to the Appellees' motion to dismiss reveals that her mailing address is identical to the address on the clerk's letter, and the mailing certificate reveals that the clerk did indeed mail the letter to that address. [Appellant] failed to rebut the presumption that she received the briefing letter, and we therefore presume that she received it. Thus, since she failed to file her brief within the specified time, the district court correctly found that she violated Rule 8009(a).

Because the docket reflects that notice was sent to appellant at his address of record (at which he clearly has received all of the other Orders issued by the Court), his mere denial of receipt is insufficient to rebut the presumption that he received notice from the Clerk. Moreover, although Mr. Riffin could not have known the exact date his appeal would be docketed in this Court, he surely knew to expect it to be docketed. To be sure, the Fourth Circuit does not impose upon litigants a general "duty to monitor court dockets." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 408 n.7 (4th Cir. 2010). But, Mr. Riffin easily could have discovered that the appeal had been docketed in this Court by reviewing the docket in this Court or in the adversary proceeding[4] at any time before May 7, 2012, when the Court issued its Show Cause Order, which

---

[4] The fact that the appeal had been docketed in this Court was noted on the Bankruptcy Court's docket in the adversary proceeding (*see* ECF 37 & 38 in the adversary proceeding),

was more than 45 days after the appeal had been docketed.  As I will discuss in more detail below, it is also noteworthy that Mr. Riffin is no stranger to the bankruptcy appellate process, despite his self-represented status.

Accordingly, I must determine whether Mr. Riffin's failure to file a timely appellate brief warrants the sanction of dismissing his appeal.  Rule 8001(a) of the Federal Rules of Bankruptcy Procedure provides: "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, which may include dismissal of the appeal."

In *Weiss*, the Fourth Circuit enumerated four steps that a district court must take in exercising its discretion to dismiss a bankruptcy appeal under Rule 8001(a).  The court must:

(1) "make a finding of bad faith or negligence";
(2) "give the appellant notice and an opportunity to respond";
(3) "consider whether the delay had any possible prejudicial effect on the other parties"; and
(4) "indicate that it considered the impact of the sanction and available alternatives."

*In re Weiss*, 111 F.3d at 1173.[5]

The second step is clearly satisfied here.  By issuing the Show Cause Order, the Court gave Mr. Riffin notice and an opportunity to respond.  Moreover, Mr. Riffin had the additional opportunity to respond to appellees' Motions, which he has done.  Accordingly, my analysis

---

although those docket entries do not contain an indication that separate notice was sent to Mr. Riffin.

[5] The *Weiss* Court stated that, although the Fourth Circuit previously had said in *Serra Builders v. John Hanson Savings Bank FSB*, 970 F.2d 1309, 1311 (4th Cir. 1992), that a court need only take "at least one" of these four steps, "'a proper application of [the] test will normally require a district court to consider and balance all relevant factors,'" and "the second step, giving the appellant notice and an opportunity to explain the delay, does not by itself suffice to dismiss an appeal." *In re Weiss*, 111 F.3d at 1173 (citations omitted).

focuses on the first, third, and fourth steps articulated in *Weiss*.

As to the first step, appellees argue that Mr. Riffin's failure to file a timely brief is an intentional, bad faith litigation strategy. According to appellees, "Riffin is aware that the Court will permit him to show cause [by] order before affirmatively dismissing his appeals, and he knows that he can buy himself an additional month to continue to pursue his frivolous appeals by intentionally delaying his filings until the Court issues a Show Cause Order threatening to dismiss his appeal." ECF 6 at 2. Moreover, appellees contend that Mr. Riffin "uses open appeals solely as a means for justifying his defiance of state and local environmental laws," claiming that "[a]ny time the State or County attempt to enforce environmental laws against Riffin, he argues that he has an open appeal preventing the adjudication of any further claims against him." *Id.* at 3.

In response, Mr. Riffin asserts: "Generally the reason Riffin has not timely filed some pleading, is because he has so many pleadings that must be filed, he cannot get them all filed timely." ECF 10 at 5. Mr. Riffin notes that, as a *pro se* litigant, he cannot "devote 8 hours each day to typing pleadings" and must "balance, as best he can, the demands made on his time." *Id.*

This Court may "take judicial notice of its own records." *Anderson v. FDIC*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990). In at least seven cases within the past two years, Mr. Riffin has noted an appeal from a decision of the Bankruptcy Court and has failed to file a timely appellate brief, prompting the District Court to order him to show cause why his appeal should not be dismissed. *See Riffin v. Patapsco Bank*, CCB-11-3203; *Riffin v. Friedman*, CCB-11-1781; *Riffin v. BRL, LLC*, CCB-11-1381; *Riffin v. Friedman*, CCB-11-1043; *Riffin v. Friedman*, CCB-11-846; *Riffin v. Baltimore County*, CCB-11-844; *Riffin v. Friedman*, CCB-10-2618. The Court

need not adopt appellees' contention that this pattern of conduct is an intentional litigation tactic on appellant's part in order to find Mr. Riffin's conduct sanctionable. Mr. Riffin's litigation history as a bankruptcy appellant in this Court makes abundantly clear that Mr. Riffin is or should be well aware of the imminent filing deadline for a bankruptcy appellant's brief. Indeed, the Court has specifically apprised him of the applicable deadline no less than seven times. Yet, despite Mr. Riffin's knowledge of the applicable deadline, he did not file a timely brief, nor did he move for an extension of his briefing deadline. Rather, he waited until this Court ordered him to show cause why his appeal should not be dismissed (and, even then, did not file a response to the Show Cause Order until the last possible day). Thus, even assuming that his failure to file a timely brief in this case was not intentional or in bad faith, it was plainly negligent.

As to the third stage of inquiry, appellees claim that Mr. Riffin "uses open appeals solely as a means for justifying his defiance of state and local environmental laws," and that "[a]ny time the State or County attempt to enforce environmental laws against Riffin, he argues that he has an open appeal preventing the adjudication of any further claims against him." ECF 6 at 3. Therefore, they argue: "Every day that [the appeal] continues prejudices the Appellees." *Id*.

According to Mr. Riffin, appellees fail to explain "how the late-filing of [his] brief will prejudice" them. ECF 10 at 8. In his view, appellees' assertion that the pendency of the appeal permits him to defy state and local environmental laws is unsupported. *Id.*

To be sure, appellees have not provided direct evidence of an improper, prejudicial motive to delay proceedings on the part of Mr. Riffin. But, Mr. Riffin's litigation history speaks for itself. As noted, in seven appeals from orders of the Bankruptcy Court filed within the past two years, Mr. Riffin has failed to file a timely appellant's brief. This conduct unnecessarily

clogs the docket of this Court and unnecessarily delays resolution of the controversies between Mr. Riffin and appellees. Perhaps more important, it slows the work of the Bankruptcy Court. The Court finds that Mr. Riffin's pattern of untimely appellate filings is prejudicial to appellees and to the prompt administration of justice.

Finally, with respect to the impact of the sanction and the available alternatives, the Court is amply convinced by Mr. Riffin's litigation history that no sanction short of dismissal will provide any incentive to Mr. Riffin for future compliance. On balance, the Court finds, pursuant to Rule 8001(a), that dismissal of the appeal is the appropriate sanction for Mr. Riffin's failure to file a timely appellate brief in this case.

Despite appellees' repeated insistence that Mr. Riffin's appeal is frivolous, this Court expresses no view as to the merits of Mr. Riffin's appeal. To do so would miss the point. If Mr. Riffin wishes to present the merits of his arguments to an appellate court, he must comply with the procedural rules that govern bankruptcy appeals. Were it not for Mr. Riffin's litigation history, his excuses for his noncompliance in this case, while hardly compelling, might persuade the Court to afford him an opportunity to brief the merits in light of his self-represented status. But, "pro se litigants, like all other parties, must abide by the Federal Rules of Procedure." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Mr. Riffin's litigation history bespeaks an utter disregard for the Court's procedures, which can only be remedied by appropriate sanction. Accordingly, an Order granting appellees' Motions and dismissing the appeal follows.

Date:   July 16, 2012                          /s/
                                    Ellen Lipton Hollander
                                    United States District Judge